UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff, ) | |
| ) | |
|    v. ) | CAUSE NO.: 2:14-CR-4-JVB-JEM |
| ) | 2:22-CV-165-JVB |
| RITA LAW, ) | |
|       Defendant. ) | |

### OPINION AND ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 553] filed by Defendant Rita Law on June 16, 2022. The Government filed a response in opposition on August 25, 2022.

### PROCEDURAL BACKGROUND

Law was charged in the second superseding indictment with (1) trafficking and servitude in violation of 18 U.S.C. § 1590(a) and 18 U.S.C. § 2 regarding victim HV, (2) trafficking and servitude in violation of 18 U.S.C. § 1590(a) and 18 U.S.C. § 2 regarding victim XC, (3) transporting for the purpose of prostitution in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2, and (4) use of an interstate facility to promote prostitution in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2.

A jury trial was held from January 23, 2017, through February 10, 2017. At the conclusion of the trial, the jury found Law guilty on all four counts. The sentencing hearing was held on July 10, 2019. The Court sentenced Law to a total term of 360 months imprisonment: 240 months on Count 1, 240 months on Count 2, to be served concurrently with Count 1, 60 months on Count 3, to be served consecutively to Counts 1 and 2, and 60 months on Count 4, to be served consecutively to Counts 1, 2, and 3. The Court's judgment was upheld on appeal.

## ANALYSIS

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Law argues that she was denied her Sixth Amendment right to confront the witnesses against her at trial. Specifically, she argues that she was denied the right to impeach HV, one of Law's victims, who testified against her. Law asserts that she should have been able to impeach HV on her "repeated lies" and to introduce evidence permitted by Federal Rule of Evidence 412 regarding HV. Law also contends that she was denied effective assistance of counsel at both the trial and appellate levels because trial counsel did not file a motion under Federal Rule of Evidence 412(c) in order to be permitted to introduce Rule 412 evidence at trial and because appellate counsel failed to raise the argument on appeal regarding the Sixth Amendment right to confront witness HV.

The Government responds that Law's arguments fail on the merits and also fail due to the concurrent sentence doctrine. Under the concurrent sentence doctrine, when a court is reviewing a sentence, it may "pretermit a decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects." *Ryan v. United States,* 688 F.3d 845, 849 (7th Cir. 2012). That is, the doctrine "allows appellate courts[1] to decline to review a conviction

---

[1] The concurrent sentence doctrine applies in the § 2255 context as well as on direct appeal. *See Ryan*, 688 F.3d at 849. Notably, the doctrine is likely applied more frequently in the § 2255 context since each felony conviction now

2

carrying a concurrent sentence when one 'concurrent' conviction has been found valid." *Cheeks v. Gaetz*, 571 F.3d 680, 689 (7th Cir. 2009).

As noted above, Law is challenging testimony given by HV at trial and the assistance provided by her trial and appellate counsel in relation to that testimony. HV is named as the victim in Count 1. Another victim—XC—is named in Counts 2 and 3. No victim is named in Count 4, but the allegations of that count occurred on or about February 2013 through September 7, 2013, and align in time with Counts 2 and 3, which are alleged to have occurred on or about June 2013 through September 3, 2013, and not with Count 1, which the indictment alleges occurred on or about November 2007 through July 2008.

The Court has reviewed HV's testimony at trial, and none of it related to use of interstate facilities to promote prostitution in 2013 or any other of Law's activities in 2013. HV's trial testimony played no part in the Government's case on Counts 2, 3, or 4, and even if the entirety of HV's testimony were stricken from the record, there would be no need to disturb the convictions on those counts.

Accordingly, the challenges Law levies against HV's testimony only implicate Count 1. Assuming without deciding that all of Law's arguments are correct and her sentence imposed on Count 1 should be vacated, it would have no effect on the amount of time she spends in custody because the identical, concurrently-served sentence imposed on Count 2 remains intact. Application of the concurrent sentence doctrine here is appropriate. *See United States v. Taylor*, 605 F. Supp. 3d 1079, 1085 (N.D. Ill. 2022) (denying relief under § 2255 where eliminating a disputed sentencing enhancement would not change the term of incarceration due to a concurrent

---

carries a separate special assessment that constitutes a cumulative effect of each conviction, meaning the doctrine does not apply on direct appeal. *Id.* Because a § 2255 motion contests only custody and not fines or special assessments, fewer barriers to application of the doctrine apply.

sentence imposed on another count); *United States v. Collazo-Santiago*, No. 12-CR-136-WMC, 2015 WL 3645677, at *3 (W.D. Wis. June 10, 2015) (denying relief under § 2255 where a concurrently served sentence was undisputed and noting the motion was "doomed at the outset by the concurrent-sentence doctrine").

The Court exercises its discretion to apply the doctrine and declines to address the merits of Law's § 2255 petition as she would not be entitled to a shorter term of custody or other relief under § 2255 even if those arguments are correct. Law's request for relief under § 2255 is denied.

## CERTIFICATE OF APPEALABILITY

Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). Law has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 553] and **DECLINES** to enter a certificate of appealability.

SO ORDERED on March 6, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT